Guillermina GONZALEZ GARCIA,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 87–1189.

United States Court of Appeals,
First Circuit.

Submitted July 31, 1987.

Decided Aug. 21, 1987.

William Dominguez Torres, Juan A. Her-
nandez Rivera, Bayamon, P.R., and Ivan O.
Gonzalez Cruz on brief, for plaintiff, appel-
lant.

Daniel F. Lopez Romo, U.S. Atty., Hato
Rey, P.R., William E. Wilkin, Office of the
General Counsel, Social Security Div.,
Dept. of Health and Human Services, Don-
ald A. Gonya, Chief Counsel for Social Sec.,
Randolph W. Gaines, Deputy Chief Counsel
for Social Sec. Litigation, and A. George
Lowe, Chief, Disability Litigation Branch,
Baltimore, Md., on brief, for defendant,
appellee.

**2**

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

The claimant, Guillermina Gonzalez Garcia, has appealed a judgment of the United States District Court from the District of Puerto Rico which affirmed a decision of the Secretary of Health and Human Services (the Secretary) denying the claimant's application for disability insurance benefits under sections 216(i) and 223(a) of the Social Security Act, 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Gonzales Garcia worked as an industrial sewing machine operator for 18 years. She alleged an onset of disability of April 15, 1984 due to upper and lower back pain and nerves or anxiety. The administrative law judge (ALJ) found that "the claimant does not have any severe impairment or impairments which significantly limit her ability to perform basic work-related activities." The ALJ, therefore, terminated the review process at Step 2, or the severity stage, of the five-step sequential inquiry. *See Bowen v. Yuckert*, ⸺ U.S. ⸺, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied review. The claimant appealed to the district court, which affirmed the decision of the Secretary. We affirm.

█ Initially, we note that much of the claimant's brief is devoted to the contention that the Secretary's Step 2 severity regulation, which permits a finding of nondisability based on medical factors alone, is invalid because it allegedly conflicts with a statutory requirement that any disability determination include consideration of age, education, and work experience. That contention has recently been rejected in *Bowen v. Yuckert, supra.*

█ The claimant's argument that the Step 2 severity regulation was improperly applied to her can be generously described as sparse. Nonetheless, we turn now to that analysis.

The claimant challenges the ALJ's finding that the claimant does not have any severe impairment. In essence, the claimant argues that the ALJ erred in his application of the threshold test of medical severity which was enunciated in *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118 (1st Cir.1986). In the *McDonald* case, this court held that the Step 2 severity test is justified as a *de minimus* screening policy and that the Secretary is not precluded from implementing a threshold test of medical severity to screen out claims that would clearly be disallowed even if vocational factors were considered. *Id.* at 1121–1126; see also *Bowen v. Yuckert, supra.* This holding accords with Ruling 85–28 in which the Secretary declared that a finding of nonsevere impairment is appropriate where "medical evidence establishes only a slight abnormality ... which would have no more than a minimal effect on an individual's ability to work." *McDonald v. Secretary of Health and Human Services*, 795 F.2d at 1124.

The claimant challenges the implicit finding of the ALJ that the record establishes only a "slight abnormality." The claimant further challenges the ALJ's failure to make an express finding that the claimant could return to her past work.

The ALJ found that the claimant had degenerative joint disease with discogenic disease at C5–C6 and levoscoliosis with increased lordosis and strain of the lumbar spine, but that these impairments were not severe. The ALJ also found that the claimant's complaints of severe, disabling neck and back pain were not credible in light of the medical evidence. The record contains substantial evidence to support the Secretary's affirmance of the ALJ's finding that the claimant's impairments are not severe. Moreover, the record supports the ALJ's implicit finding that the claimant could perform her past work as a sewing machine operator.

Dr. Ivette Matos de Galindez, a private neurologist, examined the claimant on March 13, 1984. Dr. Matos observed spasm and tenderness, but reported a forward bend of 90°, full straight leg raising, ability to squat and walk in the heels, normal gait, and normal sensory and motor systems. Dr. Matos diagnosed chronic cer-

vical syndrome and chronic lumbar myositis. Dr. Hector Stella, a neurologist for the State Insurance Fund, examined the claimant on March 14, 1985. Although Dr. Stella reported neck pain on flexion, extension and lateral movements and pain on raising arms above shoulder level, Dr. Stella stated that the examination revealed no evidence of muscle wasting, atrophies or weakness, and that the vertebral column was within normal limits. Dr. Stella also found that the claimant's motor and sensory system did not appear impaired. Dr. Stella diagnosed cervical sprain. Dr. Rafael Morales Fernandez, an orthopedist, examined the plaintiff on March 26, 1985. Dr. Morales did not find any significant limitation of motion in the head and neck area. Dr. Morales observed that the upper and lower extremities showed full and equal range of motion of all joints and that the mobility of the spine was full in all directions without evidence of muscle spasm. Dr. Morales stated that in his opinion the claimant was able to sit, stand, bend, reach, squat, kneel, and ambulate well.

■ The claimant introduced into evidence a medical report dated September 25, 1985 of a private physician, Dr. Julio Anduze, who diagnosed disc disease at C5–C6 and osteoarthritis of the spine. Dr. Anduze opined that the claimant's response to therapy has been poor and her condition has apparently progressed. Dr. Anduze' report, however, is based upon examinations performed from March 1974 through January 1982, a period during which the claimant was engaged in substantial gainful activity. In any case, conflicts in the evidence are for the Secretary to resolve. *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971).

In light of the medical evidence, the ALJ discredited the claimant's subjective complaints of severe, disabling pain. We find substantial evidence to support the ALJ's finding, accepted by the Secretary, that the claimant's condition would not reasonably be expected to produce pain substantial enough to constitute a severe impairment. *See* 20 C.F.R. § 404.1529. Moreover, there was no medical evidence of a disability due to nerves, as alleged in claimant's application.

■ The claimant correctly notes that if the evidence shows that the individual cannot perform his or her past relevant work because of the unique features of that work, a denial of benefits at the severity stage of the sequential inquiry is inappropriate. *See McDonald v. Secretary of Health and Human Services,* 795 F.2d at 1124–25. In the present case, however, substantial evidence also supports the Secretary's implicit finding that the claimant could perform her former work as a sewing machine operator. The claimant described the functional requirements of her former job as sewing collars onto shirts and lifting packages of four dozen shirts. The claimant testified that her work was always performed sitting down. The medical evidence, previously discussed, establishes the claimant's ability to perform these functions.

For all of the foregoing reasons, we find substantial evidence to support the Secretary's determination that the claimant does not have any impairment or impairments which significantly limit her ability to perform basic work-related activities. We conclude that review was appropriately terminated at the Step 2 severity level. We, therefore, affirm the judgment of the district court.