Linda HOUSEHOLDER, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 88–1414.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 22, 1988.

Decided Nov. 10, 1988.

Rehearing and Rehearing En Banc Denied Dec. 12, 1988.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Karen J. Sharp, Dallas, Tex., for appellee.

Before HEANEY and BOWMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

HEANEY, Circuit Judge.

Linda Householder appeals from the order of the district court denying her application for disability insurance benefits under §§ 216(i) and 223 of Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. We affirm the district court's finding that substantial evidence exists to support the conclusion that Householder's impairments did not prevent her from performing past relevant work between 1978 and 1980.

Householder filed an application for disability insurance benefits alleging that she became unable to work in July, 1978, because of a heart problem, nerves, a back impairment and an ulcer. After a denial of benefits by the State Agency and the Social Security Administration, an administrative law judge held that Householder did not qualify for benefits between 1978 and 1980 because her subjective mental and medical complaints were not credible. Householder then filed a complaint in federal district court pursuant to 42 U.S.C. § 405(g). The district court remanded the case to the Secretary requesting more explicit findings as to the credibility of Householder's subjective symptoms.

On remand, the ALJ found that, between 1978 and 1980, Householder's impairments had not yet become severe, and alternatively, that she had the residual functional capacity for light work during that time and that she would have been able to perform her past relevant work. The district court found that substantial evidence existed to support both of the Secretary's findings. We affirm only on the basis of the

alternative holding.[1]

First, Householder left work as a seamstress in 1978 after being diagnosed as suffering from tachycardia. Evidence indicates that this impairment was successfully treated with medication. Second, although Householder suffered from an anxiety-related disorder, she successfully managed this ailment without the need to return to her doctor for a period of nineteen months. Finally, between 1978 and 1980, Householder was able to regularly attend church, go shopping and do light housework. There is no medical evidence indicating that Householder's anxiety condition caused her to withdraw from stressful situations or to be unable to tolerate a work-like setting during this time. The record thus supports the alternative holding that Householder's impairments did not preclude her from performing her past relevant work of routine, simple tasks in the garment and shoe industry during the two years in question.

---

1. We do not rest our decision on the finding that Householder's impairments were not "severe" within the meaning of 20 C.F.R. §§ 404.-1520(c) and 416.920(c). In *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), the Supreme Court recently found this requirement to be constitutionally valid on its face. The severity requirement, however, is not without limits. Disability benefits may be denied based on the claimant's inability to fulfill the severity requirement only if the claimant's impairments are slight and the impairments do not affect any of the basic work activities listed in 20 C.F.R. § 404.1521(b). *Yuckert,* 107 S.Ct. at 2299 (O'Connor, J. and Stevens, J. concurring *See also, Fernandez v. Secretary of Health and Human Services,* 826 F.2d 164, 167 (1st Cir. 1987) (only slight abnormalities are to be labeled "not severe"); *Gonzalez Garcia v. Secretary of Health and Human Services,* 835 F.2d 1, 2 (1st Cir.1987) (a finding of non-severe impairment is appropriate where medical evidence establishes only a slight abnormality); *Stratton v. Bowen,* 827 F.2d 1447, 1453 (11th Cir.1987) (an application of the threshold severity regulation that is greater than de minimis is invalid under

the Social Security Act); *Funderburg v. Bowen,* 666 F.Supp. 1291, 1297 (W.D.Ark.1987) (severity threshold step must adopt a standard that denies disability claims only if the medical treatment is so minimal that no set of vocational factors, even if fully considered, could result in a finding of disability).

The Secretary of the Department of Health and Human Services recently stated:

Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

Social Security Ruling 85–28 (1988).