USCA1 Opinion

 

 October 15, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1059 GEORGE TONEV, Plaintiff, Appellant, v. LOUIS W. SULLIVAN, SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ George Tonev on brief pro se. ____________ Lincoln C. Almond, United States Attorney, Everett C. Sammartino, _________________ _____________________ Senior Assistant United States Attorney, and Thomas D. Ramsey, __________________ Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. The only issue in this pro se appeal from ___________ ___ __ the denial of disability insurance benefits is whether substantial evidence supports the Secretary of Health and Human Services conclusion that, because claimant's impairments, taken together, were nonsevere, his claim was properly disposed of at step two of the five-step sequential evaluation process. 20 C.F.R. 404.1520. Finding reasonable and adequate support for the Secretary's determination, we affirm. A year after his insured status expired on December 31, 1986, claimant-appellant George Tonev filed this application for Social Security disability benefits. In it he alleged that he had been unable to work since January 1982 in either of the two businesses he owned and managed because he was disabled by memory loss, constant pain, headaches, backache, a spot on his left lung, breathing and vision problems, low blood pressure and a broken left knee. Tonev, a college graduate with two years of post-graduate work, was 61 years old at the time of his application. An electrical engineer by training, he testified, at a 1989 hearing before an administrative law judge (ALJ), that both of his companies ceased operation in the early 1980's when his health problems, specifically, memory lapses, back pain, headaches and exhaustion, curtailed his business traveling, rendering him unproductive. -2- The ALJ decided that Tonev suffered from hypotension, a vitamin B12 deficiency, and hypertrophic ossification of the left knee, but that he did not have any documented impairments which significantly affected his ability to perform basic work activities prior to December 31, 1986 when his insured status lapsed. The ALJ concluded that Tonev was not disabled because he did not, as of that date, have a severe impairment or combination of impairments as required by 404.1520(c). The ALJ made what we take to be a subsidiary finding that Tonev was able to perform his past relevant work as an electrical engineer and a business manager prior to the critical date. Tonev submitted additional materials to the Appeals Council, but it declined to review the ALJ's decision. On judicial review, a magistrate-judge found that there was substantial evidence to support the ALJ's ruling, and, after a hearing on claimant's objections to the magistrate's report, the district judge approved the magistrate's findings and affirmed the Secretary's determination. To begin, a disability is defined, in part relevant to the discussion here, as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment." 404.1505(a). The regulations which implement the administration of disability determinations instruct a claimant: -3- Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical ____ _______ evidence consisting of signs, symptoms, and ________ laboratory findings, not only by your statement of _____________________________ symptoms. ________ 404.1508 (emphasis added). Claimant's own description of symptoms are evaluated in light of the extent to which medical findings confirm those symptoms. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms. 404.1529; see also 404.1529. ___ ____ To prove disability, claimant must establish, at step two, the existence of "a medically severe impairment or combination of impairments." Bowen v. Yuckert, 482 U.S. 137, _____ _______ 146 n.5 (1987). This means making "a reasonable threshold showing that the impairment[s] ... could conceivably keep him ... from working." McDonald v. Secretary of Health & Human ________ ____________________________ Services, 795 F.2d 1118, 1122 (1st Cir. 1986); Yuckert, 482 ________ _______ U.S. at 149 n.7 ("[B]elow a threshold level of medical severity, an individual is not prevented from engaging in gainful activity 'by reason of' the physical or mental impairment.") (citing 42 U.S.C. 423(d)(1)(A)). To survive step two, claimant must prove that his impairments would have more than minimal limiting effects on his ability to perform __________ basic work activities. McDonald, 795 F.2d at 1125 (endorsing ________ -4- de minimis interpretation of the "severity" threshold ___________ requirement); 404.1520(c) (a severe impairment significantly limits claimant's physical or mental ability to perform basic work activities); 404.1521(b) (basic work activities, those abilities and aptitudes necessary to do most jobs, defined in detail). The Secretary, in making a nonseverity determination at step two, must evaluate whether "the medical evidence establishes only a slight abnormality [or combination of slight abnormalities] which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling (SSR) 85- 28, quoted in Yuckert, 482 U.S. at 154 n.12; see also __________ _______ ___ ____ Barrientos v. Secretary of Health & Human Services, 820 F.2d __________ ____________________________________ 1, 2 (1st Cir. 1987). The Secretary may use "medical factors alone to screen out applicants whose impairments are so minimal that, as a matter of common sense, they are clearly not disabled from gainful employment," McDonald, 795 F.2d at ________ 1122, i.e., prevented from working because of them. Id. at ___ 1125. If the medical evidence does not "clearly" establish nonseverity, the adjudication process must continue. Id. ___ quoting SSR 85-28. And, while step two focuses upon limitations on the ability to perform the basic work _____ activities common to most jobs, a denial at this step is also -5- inappropriate when the evidence shows the claimant unable to perform his or her past work. Id. at 1125 & n.6. ___ We conclude that the Secretary correctly applied the severity regulation in finding that the claimant had not shown a medical basis for his claim that his ability to engage in any substantial gainful work was seriously affected as of the date he was last insured. The medical evidence, which we have carefully reviewed and which is set out in detail by the magistrate-judge, see Report and Recommendation ___ at 5-8, Rec. Doc. 15, reveals that Tonev made intermittent visits to the Mayo clinic in 1968 and 1970, twice in 1983 and once again in 1987. It is undisputed that the sole purpose of these brief visits was to undergo various diagnostic tests. Over this time span, of the dozens of tests performed, almost all were negative or within normal limits. The exceptions were four 1983 tests which revealed a calcified (and apparently benign) nodule in the lower lobe of the left lung, below normal vitamin B12 levels, hypertrophic ossification of the left knee due to a prior trauma, and some degenerative changes of the first metatarsophalangeal joint of the right foot suggestive of arthritis. Letters to the claimant from the internist who had interpreted these 1983 test results recommended that claimant begin treatment with B12 injections, and repeatedly stated that further "suggestions" could not be made without a complete medical -6- examination. Four years later, in 1987, Tonev again underwent various tests at the Mayo Clinic. All were within normal limits, except the B12 assay. Again it was recommended that a regular physical examination be had. Finally, there are two letters from a treating physician regarding a November 1988 visit when claimant reported an 8- 10 year history of hypotension, progressively worsening fatigue, cluster headaches, memory deficits, positional vertigo, fainting spells, and right shoulder and left knee injuries. The doctor found claimant's B12 levels and blood pressure "to be low," and stated that Tonev was in the process of completing a full diagnostic workup. Those results are not in the record. At the administrative hearing, claimant testified that he suffered from memory lapses, back pain, incapacitating headaches, and exhaustion, and had, in the early 1980's, sought help for these problems from two doctor friends in Chicago. He stated that he used an over-the-counter medication for his headaches, and self-treated the back pain and exhaustion by lying down and sleeping long hours. He also recounted how his memory lapses interfered with his ability to read, write, and concentrate. In both disability reports filed with his January 1988 application (apparently the original was thought lost and a duplicate was submitted by the claimant), Tonev indicated that 1) he currently had no -7- doctor, 2) other than taking aspirin-type medication and "sleeping tablets", he had not been treated for his ailments, and 3) no doctor had advised him to cut back on his activities in any way. Later, in his request to the Appeals Council for review of the ALJ's decision, when he was no longer represented by counsel, Tonev, pro se, lodged ___ __ objections, reiterated in the district court and here,1 that his medical records as presented to the Secretary were inadequate and inaccurate. The Appeals Council, in declining review, reviewed these objections as well as representations that the medical records of other doctors would be provided, _____ and found no basis for delaying resolution of the case for the protracted period that Tonev had requested. In light of the evidence, we cannot say that the Secretary acted unreasonably in deciding that Tonev's impairments, as of the critical date, were not severe. It is manifestly clear that the relatively sparse medical foundation laid by the claimant is devoid of any report of a complete medical examination or treatment prescribed. There are no recorded clinical observations, no diagnoses, no evaluation of functional limitations of any kind. "Gaps" such as these, particularly the apparent failure to undergo a ____________________ 1. Tonev has moved to submit additional materials in support of this appeal. Under the limitations on judicial review imposed by 42 U.S.C. 405(g), we may only examine the evidence in the administrative record before us. See also 20 ___ ____ C.F.R. 404.951(b). -8- medical examination or to seek care, provide substantial evidence for the permissible inference by the Secretary that claimant "would have secured more treatment had his [conditions] been as intense as alleged." Irlanda Ortiz v. _____________ Secretary of Health & Human Services, 955 F.2d 765, 769 (1st _____________________________________ Cir. 1991). The fact that the hypotension finding is supported only by claimant's historical account, and not by any objective data obtained within the critical period, also supports the ALJ's finding discounting the degree of incapacity alleged. Similarly, claimant's allegations of severe pain are inconsistent with the medical evidence, and provide an additional reason for the Secretary to doubt Tonev's credibility in that regard. See, e.g., Gonzalez ___ ____ ________ Garcia v. Secretary of Health & Human Services, 835 F.2d 1, 3 ______ ____________________________________ (1st Cir. 1987); Barrientos, 820 F.2d at 3. __________ In sum, substantial evidence supports the ALJ's conclusion that the claimant's impairments, as of December 31, 1986, did not significantly limit his ability to perform either basic work activities, see Gonzalez-Ayala v. Secretary ___ ______________ _________ of Health & Human Services, 807 F.2d 255, 256 (1st Cir. _____________________________ 1986), or any unique feature of his former work as an engineer and business manager. See Gonzalez Garcia, 835 F.2d ___ _______________ at 3. Accordingly, the judgment of the district court is affirmed. _________ -9- Appellant's motion for leave of court for submission of three (identical) folders of 93 pages each is denied. -10-