21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norman CHURCH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-7070.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Norman Church appeals from an order of the district court which upheld the final decision of the Secretary of Health and Human Services that he is not entitled to social security disability and supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. 405(g), and reverse and remand for additional proceedings.
 
 
 4
 Plaintiff applied for benefits in September 1990, alleging a period of disability beginning on January 31, 1989, due to alcoholism, drug abuse, high blood pressure, and carpal tunnel syndrome. At a hearing before an administrative law judge (ALJ) on May 21, 1991, plaintiff's representative, a paralegal, asked him about these impairments and also about newly alleged mental problems[2] and pain. After consideration, the ALJ found that plaintiff's allegations of pain were not credible and that his impairments, including his alleged mental problems and pain, were not severe. The ALJ, therefore, denied plaintiff's claim at step two of the five-part sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing five-part evaluation process). The ALJ's decision became the final decision of the agency.
 
 
 5
 We review the ALJ's decision on the entire record "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 6
 To qualify for disability benefits, plaintiff must establish a severe physical or mental impairment which is expected to result in death or last for a continuous period of twelve months and which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. 423(d)(1)(A). At step two, the ALJ determines whether plaintiff has a severe impairment or combination of impairments. The Secretary has issued several rulings which guide the ALJ's severity determination at step two. See, e.g., Soc. Sec. Ruls. 88-13, 85-28, 85-16. The Secretary's rulings are binding on the agency. 20 C.F.R. 422.406(b)(1).
 
 
 7
 The ALJ should make the determination that a claimant's impairments are severe or not severe with "great care." Soc. Sec. Rul. 85-28. While plaintiff bears the burden of proving his disability, at step two plaintiff's burden is "de minimis." Williams, 844 F.2d at 751; accord Anthony v. Sullivan, 954 F.2d 289, 293-95 (5th Cir.1992); Higgs v. Bowen, 880 F.2d 860, 862-63 (6th Cir.1988)(per curiam); Householder v. Bowen, 861 F.2d 191, 192 n. 1 (8th Cir.1988); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988). In addition, the ALJ has a duty of inquiry to fully and fairly develop the record, 42 U.S.C. 423(d)(5)(B); 20 C.F.R. 404.944; Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir.1993), even when the claimant is represented by a paralegal, Baker v. Bowen, 886 F.2d 289, 292 n. 1 (10th Cir.1989).
 
 
 8
 A claim may be denied at step two only if an individual's impairments, singly or in combination, "do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities." Soc. Sec. Rul. 85-28. "If such a finding is not clearly established by medical evidence, ... adjudication must continue through the sequential evaluation process." Id. In other words, step two is "an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." Higgs, 880 F.2d at 863 (quoting Farris v. Secretary of HHS, 773 F.2d 85, 89 n. 1 (6th Cir.1985)).
 
 
 9
 Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Soc. Sec. Rul. 85-28; see 20 C.F.R. 404.1521(b). "[T]hese basic work factors are inherent in making a determination that an individual does not have a severe medical impairment." Soc. Sec. Rul. 85-28.
 
 
 10
 In finding that claimant's alleged mental impairments would have no more than a minimal impact on his mental ability to perform basic work activities, the ALJ relied principally on the October 1990 report of Dr. David Calenzani, a consultative psychiatrist. See Decision, Appellant's App. at 30-31, 33. Yet, Dr. Calenzani's report neither mentions basic work activities, nor relates claimant's alleged impairments to them. See generally Appellant's App. at 119-21. In fact, Dr. Calenzani reported that claimant demonstrated "underlying depressed mood, low self-image, [and] low self-esteem.... Judgment is questionable. Impulse control is poor. The patient did not give a totally reliable history." Id. at 120. These characteristics would presumably have some effect on claimant's "use of judgement," and his ability to "respond[ ] appropriately to supervision, coworkers, and usual work situations; and deal[ ] with changes in a routine work setting." Soc. Sec. Rul. 85-28; see 20 C.F.R. 404.1521(b). The ALJ's conclusion that claimant's alleged mental impairment has no more than a minimal effect on his ability to perform basic work activities is not supported by Dr. Calenzani's report.
 
 
 11
 In addition, the ALJ apparently made no attempt to obtain additional medical evidence from Drs. Marie Snow or Claude Knight, two psychiatrists with Mental Health Services of Southern Oklahoma from whom claimant sought treatment in 1991. Cf. 20 C.F.R. 404.1512(e)(1)("When the evidence we receive from your treating physician ... is inadequate ... [,] ... [w]e will recontact your treating physician ... to determine whether the additional information we need is readily available."). In May 1991, Dr. Snow preliminarily diagnosed claimant as suffering from a drug-induced psychosis. See Appellant's App. at 105. In August 1991, Dr. Knight diagnosed claimant as a chronic paranoid schizophrenic.[3] Id. at 81. "Every reasonable effort should be made to obtain all medical evidence from the treating source necessary to make a determination of impairment severity...." Soc. Sec. Rul. 85-16. Although claimant testified at his May 1991 hearing that he had been drugand alcohol-free for nearly two years, the letter of record concerning Dr. Snow's opinion neither indicates whether she considered his psychosis to be the result of current or past drug abuse nor reveals her opinion, if she has one, as to the onset date of his psychosis. Appellant's App. at 105. And, although Dr. Knight apparently later changed his diagnosis due to additional symptoms, see id. at 81, the ALJ made no attempt to determine Dr. Knight's new diagnosis. Neither letter constitutes substantial evidence to support the ALJ's conclusion that claimant's mental impairment would not be "significant for any period of time as to interfere with his ability to function." See Decision, Appellant's App. at 34.
 
 
 12
 Finally, if a claimant complains of pain to a degree that is not supported by objective medical evidence, the ALJ should investigate whether a mental impairment is the basis of the pain. Soc. Sec. Rul. 88-13. There is no indication that the ALJ considered whether claimant's pain is based on a mental impairment, although that would appear to be particularly important in this case, where claimant has alleged a mental impairment and has been diagnosed over many years as suffering from various mental impairments, including somatoform disorder. Appellant's App. at 82-83.
 
 
 13
 The ALJ's failure to follow the Secretary's rulings demonstrates that he failed to adequately develop the record and to apply the correct legal standards. For this reason, there is not substantial evidence to support the ALJ's conclusion that plaintiff's impairments are not severe.
 
 
 14
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although claimant did not originally allege mental impairments as a basis for his disability claim, we note that the record shows he has been diagnosed with various mental impairments over many years
 
 
 [3]
 Claimant was preliminarily diagnosed as a simple schizophrenic in December 1979. See Appellant's App. at 93