**Marcelina IRIZARRY, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. CIV. 97–1395 (JP).

United States District Court, D. Puerto Rico.

Feb. 3, 1998.

Salvador Medina de la Cruz, Río Piedras, PR, for Plaintiff.

Lilliam Mendoza Toro, Asst. U.S. Atty., Hato Rey, PR, for Defendant.

### OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION AND BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 405(g), appealing from the final decision of the Secretary of Health and Human Services denying Plaintiff's request for Social Security disability insurance under 42 U.S.C. § 423 and a period of disability under 42 U.S.C. § 416(i). Because the Court finds substantial evidence in the record supporting the Secretary's denial, the Court hereby **AFFIRMS** the Secretary's decision, and this appeal is **DISMISSED.**

Plaintiff, Marcelina Irizarry, a fifty year old woman with a twelfth-grade education, applied for benefits on June 4, 1993, alleging that she had been unable to work since January 1, 1993, at age 45, due to an asthmatic condition and several less severe ailments. Her application was denied initially and on reconsideration. On October 19, 1994, the Social Security Administration received Plaintiff's request for a hearing by an Administrative Law Judge ("ALJ"). On July 13, 1995, ALJ Marta Ramirez heard testimony from a vocational expert and accepted documentary evidence. Plaintiff, who waived her right to be present at the hearing, was represented by her attorney. On October 25, 1995, the ALJ issued her decision. She found that the plaintiff was not under a disability within the meaning of the Social Security Act on or before the date of the decision. Her Decision was affirmed by the Appeals Council on January 17, 1997, at which time his findings became the agency's. On March 19, 1997, Plaintiff appealed to this Court to overturn the agency's decision or remand her case for reconsideration on the basis that the findings of the ALJ were not supported by substantial evidence.

## II. LEGAL FRAMEWORK

"Every individual who is insured for disability insurance benefits, has not attained retirement age, has filed an application for disability insurance benefits, and is under a disability shall be entitled to a disability insurance benefit." 42 U.S.C. § 423(a). Of course, in determining an applicant's eligibility for benefits under this section, the major consideration is whether the individual is disabled. The Code specifically delineates the boundaries of this determination. For the purposes of this section, "[t]he term 'disability' means inability to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Moreover,

[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). Finally,

[i]n determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments

could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

42 U.S.C. § 423(d)(2)(B).

"The term 'period of disability' means a continuous period ... during which an individual was under a disability ... but only if such period is of not less than five full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period." 42 U.S.C. § 416(i).

In considering an application for a period of disability or disability insurance benefits, the Secretary is charged with executing a five step algorithm. Specifically, the agency asks the following five questions:

First, is the claimant currently employed? If he is, the claimant is automatically considered not disabled.

Second, does the claimant have a severe impairment? A "severe impairment" means an impairment "which significantly limits his or her physical or mental capacity to perform basic work related functions." If the claimant does not have an impairment of at least this degree of severity, he is automatically considered not disabled.

Third, does the claimant have an impairment equivalent to a specific list of impairments contained in the regulations' Appendix 1? If the claimant has an impairment of so serious a degree of severity, the claimant is automatically found disabled.

These first three tests are "threshold" tests. If the claimant is working or has the physical or mental capacity to perform "basic work-related functions," he is automatically considered not disabled. If he has an Appendix 1–type impairment, he is automatically considered disabled. In either case, his claim is determined at the

"threshold." If, however, his ability to perform basic work-related functions is impaired significantly (test 2) but there is no Appendix 1 impairment (test 3), the SSA goes on to ask the fourth question:

Fourth, does the claimant's impairment prevent him from performing work of the sort he has done in the past? If not, he is not disabled. If so, the agency asks the fifth question.

Fifth, does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so, he is disabled; if not, he is not disabled.

*Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 7 (1st Cir.1982). Here, Plaintiff specifically alleges that the Secretary's decision under the fifth step— that through the date of the ALJ's decision, Plaintiff retained the residual ability to perform a significant number of jobs in the national economy and was therefore not disabled—was not based on substantial evidence in the record, and should therefore be overturned.

## III. THE AGENCY FINDINGS

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on January 1, 1993, the date the claimant stated she became unable to work, and continues to meet them through December 31, 1996.

2. The claimant has not engaged in substantial gainful activity since January 1, 1993.

3. The medical evidence establishes that the claimant has severe physical and mental impairments, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's pain and other subjective symptomatology do not prevent her from engaging in substantial gainful activity.

5. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for

work requiring over light exertion (20 C.F.R. 404.1545).

6. The claimant is unable to perform his past relevant work as [an] assembler.

7. The claimant's residual functional capacity for the full range of light work is reduced by inability to perform work where dust, fumes, strong odors, marked changes in temperature and humidity are present.

8. The claimant is 48 years old, which is defined as young individual (20 C.F.R. 404.1563).

9. The claimant has a high school education (20 C.F.R. 404.1564).

10. The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work functions of other work. (20 CFR 404.1564).

11. Based on an exertional work capacity for light work, and the claimant's age, education, work experience, section 404.1569 and Rule 202.11, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12. Although the claimant's additional nonexertional limitations do not allow her to perform the full range of light work, using the above-cited rule as a framework for decision-making, there are a significant number of jobs in the national economy which she could perform. Examples of such jobs are: mica classifier, wire worker, bagger and stamper.

13. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. 404.1520(f)).

## IV. STANDARD OF REVIEW

█ The Secretary, not this Court, is charged with the duty of weighing the evidence and resolving material conflicts in the testimony. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), *Gonzalez Garcia v. Secretary of Health and Human Services*, 835 F.2d 1, 3 (1st Cir.1987). In reviewing the plaintiff's appeal, the Court does not make a *de novo* determination. *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir.1981). Instead, this Court "must affirm the Secretary's resolution, even if the record arguably could justify a different resolution, so long as it is supported by substantial evidence." *Rodriguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1st Cir.1987).

## V. ANALYSIS

█ In reaching his decision to deny the plaintiff's application, the ALJ completed the "threshold" considerations, finding: (1) that Plaintiff has not been employed since the alleged onset date of her claimed impairment; (2) that, while she was insured, the claimant had an impairment, but (3) that the impairment or combination of impairments was neither listed in Appendix 1 of the regulations nor equivalent to any listed impairment. The ALJ also found that Plaintiff's impairment prevented her from engaging in her past relevant work as an assembler. Plaintiff has not expressed any disagreement with these findings. In executing the fifth and final step of her prescribed algorithm, however, the ALJ found that Plaintiff retained a residual functional capacity to perform a limited range of light work that would permit her to perform a number of jobs available in the national economy. Plaintiff takes issue with that conclusion.

Specifically, Plaintiff contends that the ALJ's reliance on the evaluations of examining consultants, who opined that Plaintiff's condition could be controlled with medications and that Plaintiff's treatment to that point had been sub-optimal, should not be dispositive, and that Plaintiff continues to suffer from a severe asthmatic problem. Plaintiff also asserts that the ALJ discarded the Residual Functional Capacity Assessment ("RFCA") prepared by Plaintiff's treating physician. According to Plaintiff, these "failures" rendered the ALJ's decision not supported by the record as a whole.

The regulations require that the ALJ make the determination that a claimant is

not disabled on the basis of several considerations: the claimant's age, education, past work experience, and residual work capacity. *See* 20 C.F.R. §§ 404.1560—404.1565. In this case, Plaintiff has made no allegations regarding to the ALJ's findings with respect to Plaintiff's age, education, and prior work history. Plaintiff apparently takes issue only with the ALJ's determination of Plaintiff's residual functional capacity.

The ALJ determined that Plaintiff retained the capacity to perform light work with some additional environmental limitations. That determination is supported by two RFCAs and perhaps contradicted by a third. The first was supplied by Dr. Osvaldo Rivera Marrero. Based on Plaintiff's medical records as of November 11, 1993, Dr. Rivera found that the only limitations on Plaintiff's functional capacity were environmental—she needed to avoid extreme temperatures, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, etc. Dr. Rivera neither treated nor examined Plaintiff. Plaintiff's second RFCA comes from her treating physician, Dr. Toro Torres. He diagnosed her with bronchial asthma, carpal tunnel syndrome, and diabetes. He found that Plaintiff was greatly restricted in her physical abilities—she was unable to tolerate walking more than an hour, standing more than two hours, or sitting for more than two hours. The third was provided by Dr. Daniel Amilcar Nieves. He neither evaluated nor examined Plaintiff. But based on her medical records as of August 9, 1994, he found that Plaintiff had no limitations other than environmental limitations—she should avoid even moderate exposure to extreme temperatures, wetness, humidity, and hazards such as machinery and heights. He also noted that she should avoid "undue exposure to dust, fumes, gases, and odor," although he failed to mark the correct box in relation to the last limitation. Dr. Amilcar specifically found fault with Dr. Toro Torres' findings regarding Plaintiff's exertional limitations, stating that he believed her capable of heavy work.

The Court notes the preference in this Circuit for RFCAs performed by treating, as opposed to non-treating physicians.

*See Gordils v. Secretary of Health and Human Services,* 921 F.2d 327, 328 (1st Cir. 1990); *see also Rivera–Figueroa v. Secretary of Health and Human Services,* 858 F.2d 48, 51 (1st Cir.1988). Generally, where a claimant remains insured throughout the application process and the Secretary is faced with conflicting medical evidence, the Court would advise the Secretary to order a consultative examination to permit the preparation of a more informed RFCA. *See Rivera–Figueroa,* 858 F.2d at 51 (1st Cir.1988). However, the First Circuit has expressly rejected the notion that such an RFCA is always mandatory. *Gordils,* 921 F.2d at 328 (1st Cir.1990).

Here, where the record contains additional evidence supporting the ALJ's conclusions, the Court feels constrained to find that the ALJ's determination finds support in the record. *Id.* After performing an evaluation of Plaintiff on June 24, 1994, Dr. Agustin Fernandez Cabrero diagnosed her with *"mild* obstructive lung disease, *markedly improved post inhaled bronchodilators,* strongly suggesting that patient's present therapy is suboptimal;" "arterial hypertension," and "allergic rhinitis." (emphasis added). After an earlier evaluation, made September 14, 1993, Dr. Homero Tarrats diagnosed Plaintiff with "a mild degree of bronchial asthma ... allergic rhinitis as well as hyperglycemia induced by the use of steroids ... a mild degree of obstruction with good reversibility after nebulizing bronchodilator." These records were before the consultants who assessed Plaintiff's RFC, and they support those consultants' conclusions that Plaintiff was not limited physically. Based in part on these records, one of the consultative doctors determined that Plaintiff had retained the capacity to perform heavy work, which certainly includes the light work which the ALJ determined Plaintiff could perform. Therefore, the Court must conclude that the ALJ's determination that Plaintiff retained the ability to perform light work with certain environmental restrictions is supported by the evidence.

Plaintiff's contention that the ALJ's conclusions are unsupported because he discounted Plaintiff's treating physician's RFCA in favor of the examining consultant's evalua-

tion is without merit. Where the record contains conflicting evidence, the ALJ must make a determination of credibility. *Rivera–Torres v. Secretary of Health & Human Services,* 837 F.2d 4, 5 (1st Cir.1988).

Plaintiff has raised no objection to the ALJ's determination that her RFCA of a limited range of light work permits her to perform jobs that exist in the economy. Therefore, the ALJ's determination that Plaintiff was not disabled within the meaning of the Act must be **AFFIRMED.**

IT IS SO ORDERED.