Marcia **KRAFSUR**, Plaintiff, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

No. 84–1445.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1985.

Decided March 25, 1985.

Jan Allen May with whom Michael R. Schuster, Washington, D.C., Legal Counsel for the Elderly, was on brief for plaintiff, appellant.

Robert J. Triba, Asst. Regional Atty., Dept. of Health and Human Services, Boston, Mass., with whom William F. Weld, U.S. Atty., and Evan Slavitt, Asst. U.S. Atty., Boston, Mass., were on brief for defendant, appellee.

Before TORRUELLA and ALDRICH, Circuit Judges, and PETTINE,* Senior District Judge.

PER CURIAM.

Marcia Krafsur appeals from the district court's affirmance of the Secretary of Health and Human Services' denial of Social Security and Supplemental Security Income disability benefits. She is fifty-six years old, with a high school education; she has never married, and she lives alone. Although suffering from hyperthyroidism, it is controlled, and she has no physical disability. Since 1960 she has held approximately twenty jobs, the last ending in April, 1980. We hold the Secretary was warranted in finding that her work difficulties stemmed from personality problems that were not such as to constitute mental disability, and we consequently affirm.

Krafsur's claim was denied upon application of the Secretary's "sequential evaluation process." 20 C.F.R. 404.1520; 404.-1521. She was not found to have a "severe impairment," viz., one "which significantly limits his or her physical or mental capacity to perform basic work-related functions." *Goodermote v. Secretary of Health & Human Services*, 690 F.2d 5, 6 (1st Cir.1982). On review, after hearing Krafsur's oral testimony and considering some nine medical and psychiatric opinions submitted in written form, the ALJ, and, ultimately, the Appeals Council, agreed.

Review of the evidence, facilitated by Krafsur's careful briefs, fails to persuade us of error. Even giving the required first consideration to her treating physician, his

opinion does not carry the weight it otherwise might, since he was an internist, and her only difficulties of possible significance called for psychiatric evaluation. *See* H.R. Rep. No. 1039, 98th Cong., 2d Sess. 23, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3038, 3092–93. Here, while the doctors disagreed, there was "substantial evidence," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) supporting the Secretary.

In this posture Krafsur would challenge the Secretary's sequential evaluation process, seemingly claiming that it conflicts with 42 U.S.C. § 423(d)(2)(A), which requires consideration of vocational factors in disability determinations. Because she failed to raise this issue below, we should not consider it here. *Johnson v. Allyn & Bacon, Inc.*, 731 F.2d 64, 73 (1st Cir.1984). This claim does not fall under the exception which allows consideration of a new theory on appeal if it is "so compelling as to insure [appellant's] success," rendering its exclusion a "gross miscarriage of justice." *Id.* The validity of the Secretary's severity regulation must be viewed not only in light of section 423(d)(2)(A), but also of section 423(d)(1)(A) which is referred to therein, and states that disability must be "medically determinable" in order to render claimant unable "to engage in any substantial gainful activity." Even at best, Krafsur's claim that other factors are to be weighed *with* the medical impairment, and that the Secretary's sequential process is improperly strict, is not sufficiently clear, *see, e.g., Keith v. Heckler*, 732 F.2d 1089, 1093 (2d Cir.1984), to permit being raised late.

Krafsur protests, correctly, that she could not have earlier raised this issue under the Disability Benefits Reform Act of 1984, passed in September. However, to the extent that the 1984 Act may change the claim that was earlier available to Krafsur, it arguably endorses the Secretary's use of the process at least in cases similar to this one. This case does not present the less than severe but greater than minimal

* Of the District of Rhode Island, sitting by designation.

impairment to which Krafsur argues Congress did not intend the process's medical presumption of nondisability to apply. *See* H.R.Rep. No. 1039, 98th Cong., 2d Sess. 23, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3038, 3087–88, 3092–93 (conference committee report). We do not have to consider the overall validity of the process.

Affirmed.