Agustin GONZALEZ–AYALA,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 86–1415.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided Oct. 28, 1986.

Ivan O. Gonzalez Cruz and Juan A. Hernandez Rivera, San Juan, P.R., on brief for plaintiff, appellant.

Nathan K. Kobin, Baltimore, Md., Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, and A. George Lowe, Baltimore, Md., Chief, Disability Litigation Branch, on brief for defendant, appellee.

Before COFFIN, BOWNES, and BREYER, Circuit Judges.

PER CURIAM.

Agustin Gonzalez Ayala (the claimant) has appealed a district court judgment which affirmed a decision of the Secretary of Health and Human Services (the Secre-

tary) denying the claimant's application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 *et seq.*

The claimant alleged inability to work due to high blood pressure, gout, arthritis, poor vision and a nervous condition. The administrative law judge (ALJ) concluded that the claimant does not have a severe impairment or combination of impairments. The ALJ, therefore, terminated the review process at Step 2, or the severity stage, of the five-step sequential inquiry. *See Goodermote v. Secretary of Health & Human Services,* 690 F.2d 5 (1st Cir.1982). The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied review.

The claimant contends that the ALJ erred in basing his determination of non-disability on medical factors alone without considering vocational factors. The claimant did not raise this issue either in his request for review to the Appeals Council or before the district court. "The ordinary rule is that appellate courts will not consider issues not raised below." *United States v. Krynicki,* 689 F.2d 289, 291 (1st Cir. 1982); *see Krafsur v. Secretary of Health and Human Services,* 757 F.2d 446, 447 (1st Cir.1985) (claimant's challenge to severity regulation was not raised below).

■ Even ignoring this procedural problem, the claimant's argument is unavailing. Subsequent to the filing of the claimant's brief in this case, this court decided the case of *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118 (1st Cir.1986). In the *McDonald* case, we concluded that the Step 2 severity regulation, as interpreted by the Secretary in Social Security Ruling 85–28, constitutes a *de minimis* screening device and that the Secretary is not precluded from implementing a threshold test of medical severity to screen out claims that would clearly be disallowed even if vocational factors were considered. *Id.* at 1121–1126. In the case at bar, the ALJ utilized the correct definitional framework for determining whether an impairment or combination of impairments was severe, *i.e.,* whether the impair-

ment or combination of impairments significantly limited the claimant's ability to perform basic work activities such as walking, standing, sitting, lifting or carrying. Record at 11–13; *see* 20 C.F.R. § 404.1521 (1986). Further, there is substantial evidence in the record to support the ALJ's conclusion that the claimant's impairments were not shown to limit his activities in any way that would interfere with work activity. Therefore, denial of disability benefits at the Step 2 level of review was appropriate since " 'medical evidence establish[ed] only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on [the claimant's] ability to work even if the individual's age, education, or work experience were specifically considered....' " *McDonald v. Secretary of Health and Human Services,* 795 F.2d at 1124 (quoting Social Security Ruling 85–28).

■ The claimant argues that the ALJ should have given greater consideration to Dr. Rafael Morales' assessment of the claimant's condition since Dr. Morales is a treating physician. We have repeatedly refused to adopt any *per se* rule to that effect. *Tremblay v. Secretary of Health and Human Services,* 676 F.2d 11, 13 (1st Cir.1982). While Dr. Morales' assessment of the claimant's residual functional capacity indicated that the extent of the claimant's use of his upper and lower extremities is limited by recurring inflammatory arthritis and that activities such as bending and carrying may aggravate "degenerative changes of his cervical spine and discogenic disease" (R. at 160), this assessment is in contrast to the assessment of other examining physicians who found that the claimant had a full range of motion. R. at 84, 129, 133–135, 149–153. Conflicts in the evidence are for the Secretary to resolve. *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971). We find no error in the ALJ's resolution of this evidence.

*Affirmed.*