Angel L. BETANCOURT BETANCOURT, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 90–1399 (JAF).

United States District Court, D. Puerto Rico.

Jan. 2, 1991.

Louis A. De Mier–LeBlanc, San Juan, P.R., for plaintiff.

José Vázquez–García, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., Samuel C. Fish, Chief Counsel, Region I, Dept. Health & Human Services, Boston, Mass., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action under section 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's application for old-age insurance benefits under section 202(a), as amended, 42 U.S.C. § 402(a).

Plaintiff, Angel L. Betancourt, filed two applications for retirement benefits. The first application, filed October 2, 1986, was denied on the grounds that plaintiff lacked the necessary number of quarters of coverage as required by law.[1] Both plaintiff's earnings record (Tr. 40–41) and his earnings history (Tr. 35, 38–39) showed that he had worked up to 1961 for the University of Puerto Rico and had accumulated 23 quarters,[2] 11 short of the 34 quarters he needed to be fully insured. In this first application, Mr. Betancourt also claimed that he had no earnings for the year 1985 and expected no earnings for the years 1986 and 1987. From this denial, no appeal was taken.

Plaintiff filed a second application for retirement insurance benefits on December 27, 1988. In this application, Mr. Betancourt reported total and/or estimated earnings of $1,650 for the years 1987–1989, claiming that he was self-employed in the moving business. On December 5, 1988, plaintiff filed self-employment tax returns with the Internal Revenue Service ("IRS") for calendar years 1985–1987 and on February 14, 1989 filed his 1988 tax return. These returns, prepared by plaintiff's accountant, showed income from self-employment ranging from $1,273 in 1985 to a net income of $1,670 for 1988. Plaintiff subsequently submitted copies of the tax returns to the Social Security Administration as proof of his self employment and to determine the amount of earnings for those years. While claiming that he had a notebook which detailed aspects of the business, i.e., the names of customers, costs, and payments, plaintiff never submitted the notebook into evidence. Mr. Betancourt also provided the names of several of

1. Under section 214, as amended, 42 U.S.C. § 414, a "fully insured individual" includes "any individual who had not less than—(1) one quarter of coverage (whenever acquired) for each calendar year elapsing after 1950 ... and before ... the year in which he attained the age 62...."

2. Plaintiff's earnings record also reveals that he had worked for other employers who deducted FICA which brought the number of covered quarters up to 23. (Tr. 40–41).

his "customers" so as to verify the existence of the business. Telephone interviews made by local Social Security officials produced contradictory statements about the existence of plaintiff's moving business and only one person admitted being a "customer" of Mr. Betancourt.

Plaintiff's second application was denied initially and on reconsideration by the Social Security Administration, again because plaintiff lacked sufficient quarters of coverage. Plaintiff then appeared, with his accountant, before the Administrative Law Judge ("ALJ"). Plaintiff produced no new evidence to demonstrate the fact that he was self-employed. After considering the case *de novo*, on October 27, 1989 the ALJ found that plaintiff had not produced convincing proof of a bona fide self-employment activity during the years 1985–1988 and that plaintiff therefore had acquired no quarters of coverage for those years. Because of these facts, plaintiff was not insured for purposes of entitlement to retirement insurance benefits and plaintiff's application for benefits was denied. On January 29, 1900, the Appeals Council denied plaintiff's request for review of the ALJ's decision, rendering it the final decision of the Secretary, subject to judicial review.

The issue before this court is whether substantial evidence on the record as a whole supports the finding of the Secretary that the plaintiff had not produced convincing proof of a bona-fide self-employment activity during the period 1985–1988 and therefore had not acquired sufficient quarters of coverage at the time of his application to entitle him to retirement insurance benefits under sections 202(a) and 214(a) of the Social Security Act. In *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), the Supreme Court, quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938), defined "supported by substantial evidence" to mean "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Applying this standard, we find that there was ample evidence for the ALJ to find that plaintiff did not meet the eligibility

requirement and, therefore, AFFIRM the Secretary's decision.

Plaintiff argues that the submission of the tax returns for the years in question is sufficient evidence to prove a bona-fide self-employment activity. He claims that he "paid his dues" by admitting to the IRS that he had income during those years, paid the amount of taxes due, and accepted whatever penalties the IRS might impose. In effect, plaintiff wants this court to read 42 U.S.C. section 405(c)(4)(C) as requiring the Secretary to accept the filing of IRS tax returns as conclusive proof of plaintiff's self-employment for the years in question regardless of the quality of other evidence before the Secretary. While other circuits have found the language of section 405(c)(4)(C) to require the Secretary to accept the timely-filed tax returns as conclusive proof of income, *see Jabbar v. Secretary of Health and Human Services*, 855 F.2d 295, 297 (6th Cir.1988) ("[I]f a timely filed tax return contains 'self-employment income,' the Secretary *shall* include in his records the 'self-employment income' of the return" (emphasis in original)); *Hollman v. Department of Health & Human Services*, 696 F.2d 13 (2d Cir.1982) (finding the tax return exception to the three-year, three-month statute of limitations for the reporting of self-employment income applicable, 42 U.S.C. § 405(c)(5)(F), and ordering the Secretary to amend the plaintiff's social security records), the First Circuit has taken a different approach in interpreting section 405(c)(4)(C). In *Matta v. Secretary of Health and Human Services*, 806 F.2d 287, 290 (1st Cir.1986), the First Circuit adopted the approach that section 405(c)(4)(C) must be read in conjunction with 42 U.S.C. section 405(c)(2)(A) which permits the Secretary to require "such verification ... as he deems necessary" to determine eligibility and the amount of earned income. As the court opined,

[T]here is nothing in the statute (§ 405(c)(4)(C)) which requires the Secretary to conclude that the individual's self-employment income *is as stated in the tax return.* Rather, the Secretary may require "such verification ... as he

deems necessary," 42 U.S.C. § 405(c)(2)(A), and determine what, if any, self-employment income the individual actually realized. *Accord, Gardner v. Heckler,* 777 F.2d 987 (5th Cir.1985). 806 F.2d at 290 (emphasis ours). Like our case, the claimant in *Matta* filed numerous Social Security applications, claimed self-employment income from selling candy from her home, but upon investigation, could not produce sufficient evidence of engaging in commercial activity, even though she had filed tax returns showing a sufficient number of quarters and income to demonstrate eligibility. Unlike the Sixth and Second Circuits, the First Circuit determined that the filing of the tax return itself does not bind the Secretary to accept the income stated as proof of self employment for purposes of entitlement. Being bound by the law of the Circuit, we must affirm the Secretary's decision.

Mr. Betancourt failed to submit sufficient evidence to the Secretary both to demonstrate commercial activity and to clarify the ambiguities of the evidence he did submit. Plaintiff failed to submit the notebook or any other business records, other than the tax forms, that could have provided details of the business. Phone calls to "customers", at best, produced mixed results in establishing the existence of plaintiff's business. And, the ALJ also had evidence, given by plaintiff himself in his first application, declaring that plaintiff had not been self-employed for at least part of the period which plaintiff later claims that he had income. Because the Secretary's decision was final as to the first application and could not be challenged, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), any alleged quarters of coverage prior to October 1986 could not have been credited. All this evidence tends to confirm the Secretary's decision. From the record viewed as a whole, at most we have a conflict in the evidence as to the issue of plaintiff's self-employed status, and are bound to leave the resolution of the conflict to the Secretary. *González–Ayala v. Secretary of Health and Human Services,* 807 F.2d 255, 256 (1st Cir.1986). Since the Secretary is not bound to use the tax return as conclusive evidence and there is sufficient evidence from the record, we confirm the ALJ's finding that plaintiff was not a self-employed individual within the meaning of the applicable statutes and regulations.

By virtue of this determination, and in light of the Act and applicable case law and regulations, the Secretary's decision is AFFIRMED.

IT IS SO ORDERED.