960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose A. BURGOS-SANTIAGO, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 91-2221.
 United States Court of Appeals,
First Circuit.
 March 11, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 D.Puerto Rico.
 AFFIRMED.
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, and Jessie M. Klyce, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Claimant, Jose A. Burgos-Santiago, appeals from the judgment of the United States District Court for the District of Puerto Rico affirming the decision of the Secretary of Health and Human Services that claimant is not entitled to Social Security Disability benefits.
 
 
 2
 Claimant received disability benefits from 1962 until May 1982 for tuberculosis of the spine. Instead of challenging the termination, claimant filed a new application for disability benefits on November 3, 1982, alleging February 1962 as an onset date. That application was denied initially and on reconsideration. Because claimant failed to appear at the hearing, his application was dismissed. No further appeal occurred.
 
 
 3
 Claimant filed a second application, alleging a spinal cord condition, kidney condition and diabetes mellitus; he again claimed February 1962 as the onset date. The application was denied initially and on reconsideration. After a hearing, an Administrative Law Judge (ALJ) concluded that claimant was not under a disability due to the non-severity of his conditions. No further appeal was taken.
 
 
 4
 Appellant filed the present application on September 22, 1988. He still alleged an onset date of February 13, 1962 with disability due to diabetes, abscesses of the back requiring surgeries, a disc condition, high blood pressure and nerves. After a hearing, an ALJ again found that claimant did not have a severe impairment or combination of impairments for the unadjudicated period December 1, 1984 to June 30, 1986 (when claimant's insured status expired).[1] The Appeals Council denied claimant's request for review.
 
 
 5
 Despite the bulk of the administrative record, there is little evidence concerning the relevant time period. Notes from the Diagnostic and Treatment Center in San Juan are largely illegible. Nonetheless, it appears that in March 1985, claimant had uncontrolled diabetes mellitus. At this time, a diet was prescribed. In 1985, claimant cut a finger on his left hand. The remainder of the notes, from September 1984 through 1986 indicate only that claimant's blood pressure was as high as 190/110 and he weighed up to 199 pounds.
 
 
 6
 Notes from the Puerto Rico Medical Center, also largely illegible, reveal that in September 1985, claimant was seen for an abscess on his lower spine. It is unclear what was done for this condition at this time. In March 1986, claimant underwent what appears to have been a one-day surgical procedure for a sebaceous cyst also located on claimant's spine.
 
 
 7
 Claimant was treated at a Veterans Administration hospital primarily in 1988. However, in January 1986, claimant was seen for back pain. The legible portion of the medical report indicates that the diagnosis was musculoskeletal pain and myositis (muscle inflammation). Medication and weight reduction were prescribed.
 
 
 8
 Although this case is not entirely free from doubt because it involves a step 2 determination, we believe that the record contains substantial evidence to support the ALJ's conclusion that claimant did not carry his burden of showing that his impairments limited his functioning in a manner that would interfere with work-related activities. See Gonzalez-Ayala v. Secretary of Health and Human Services, 807 F.2d 255, 256 (1st Cir. 1986) (per curiam). First, it seems that claimant's diabetes is controlled with insulin and the abscesses on claimant's back appear to have responded to treatment. Second, there is no evidence of a disc condition during the insured status period save the diagnosis of myositis and claimant's subjective complaints. There also is an absence of any records concerning a mental impairment until the year 1988. Finally, as for claimant's high blood pressure, there is no indication in the medical evidence that the physicians treating claimant believed that this condition restricted him in any way.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The ALJ denied claimant's implied request to re-open the prior application because claimant alleged no new and material evidence which could have changed the prior decision. See 20 C.F.R. § 404.957(c)(1). The decision in the prior application thus became final and binding. The period through November 30, 1984, therefore, is res judicata. See Torres v. Secretary of Health and Human Services, 845 F.2d 1136, 1138 (1st Cir. 1988)