21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ada BAEZ, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 93-2085
 United States Court of Appeals,
First Circuit.
 April 21, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Carmen Consuelo Cerezo, U.S. District Judge ]
 Helen E. M. Briganti on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios, Assistant United States Attorney, and Jan B. Brown, Assistant Regional Counsel, U.S. Dept. of Health & Human Services, on brief for appellee.
 D. Puerto Rico
 AFFIRMED
 Before Breyer, Chief Judge, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 The claimant, Ada Baez, has appealed a district court judgment affirming a decision of the Secretary of Health and Human Services (the Secretary) which denied Baez's application for disability insurance benefits under the Social Security Act, 42 U.S.C. Sec. 401 et seq.. The Secretary concluded that Baez was not precluded from performing her past relevant work as a secretary, i.e., review was terminated at Step 4 of the sequential review process. See Goodermote v. Secretary of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982). We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court, entered on August 17, 1993, essentially for the reasons stated in the decision of the administrative law judge dated August 16, 1991. We add the following comments.
 
 
 2
 The issues raised on appeal were not raised in the district court and so are not preserved for our review. See Gonzalez-Ayala v. Secretary of Health & Human Servs., 807 F.2d 255, 256 (1st Cir. 1986) (per curiam). In any event, we would not find them meritorious for the following reasons.
 
 
 3
 1. Step 3 of the sequential evaluation of disability provides that the Secretary will find a claimant disabled if the claimant has an impairment which meets the duration requirement and is listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1") or is equal to a listed impairment. 20 C.F.R. Sec. 404.1520(d). Baez argues that (1) a determination of medical equivalency must be made by a physician, (2) no such determination of medical equivalency was made part of the record, and (3) the ALJ's determination that her condition did not equal a listed impairment, made without the testimony of a medical expert at the administrative hearing, was error. We do not quibble with allegation (1), but find fault with contentions (2) and (3).
 
 
 4
 Preliminarily, we note that it is the claimant's burden to show that she has an impairment or impairments that meets or equals a listed impairment in Appendix 1. Torres v. Secretary of Health & Human Servs., 870 F.2d 742, 745 (1st Cir. 1989) (per curiam). Baez does not even state which of the more than 100 medical listings contained in Appendix 1 she purportedly might equal. In any event, the record contains determinations by a psychiatrist and a psychologist that, insofar as Baez has an affective disorder (Listing 12.04), it is not severe. Record Transcript (Tr.) 128; 142. In other words, it does not pass Step 2 in the sequential analysis, and, a fortiori, it does not meet or equal a listed impairment (Step 3). Thus, contrary to Baez's contention, there was record evidence of a medical judgment that Baez's condition did not meet or equal a medical listing. Her resulting contention-that the lack of record evidence on the issue of medical equivalency required a physician's testimony at the hearing-based as it is on an erroneous premise, necessarily falls.
 
 
 5
 2. Contrary to Baez's allegation, the ALJ's evaluation of her complaints of pain comported with our decision in Avery v. Secretary of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986).
 
 
 6
 3. Baez complains that the ALJ's decision does not address a residual functional capacity (RFC) assessment from her treating physician. The document she references (Tr. 258) is an RFC form signed by a physician whose signature is illegible and whose name Baez does not provide. It is dated June 10, 1986-a date within a previously-adjudicated period of nondisability and prior to any possible period of disability at issue here (May 27, 1988 through December 31, 1990). It is unaccompanied by any report explaining the basis for the RFC limitations noted thereon. There was no error in the ALJ's failure to address this document.
 
 
 7
 4. Baez contends that, in determining that Baez could perform her past relevant work as a secretary, the ALJ failed to consider the restrictions posed by her emotional condition and the pain she feels in her hands and from prolonged sitting. Baez is wrong. It is clear from the ALJ's decision that he evaluated her allegations of pain and mental impairment. He concluded, nonetheless, that Baez is not precluded from performing her past job as a secretary. There is substantial evidence to support that conclusion. See, e.g., Tr. 168; 234- 40; 241-48.
 
 
 8
 Judgment affirmed.