[NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1514

JACQUELINE P. CUSHMAN,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Robert W. Lovegreen, U.S. Magistrate Judge]

Before

Torruella, Chief Judge,
Stahl and Lipez, Circuit Judges.

Kelly McKenna Cournoyer and Green and Greenberg on brief for
appellant.
Margaret E. Curran, United States Attorney, Robin E. Feder,
Assistant United States Attorney, and Richard Fox, Assistant
Regional Counsel, on brief for appellee.

February 18, 2000

Per Curiam. Claimant Jacqueline P. Cushman appeals
from the judgment of the district court upholding a
determination of the Commissioner of Social Security that she
is not entitled to disability insurance benefits or
supplemental security income benefits. Before an
Administrative Law Judge ("ALJ"), Cushman alleged disability
due to Hepatitis C and "depressive or emotional conditions." 
The ALJ denied disability at step four of the sequential
analysis, concluding that she is capable of returning to her
past work as a telemarketer or cashier.
The issues raised on appeal were not raised in the
district court and, thus, are not preserved for our review. 
See Gonzalez-Ayala v. Secretary of Health & Human Servs., 807 
F.2d 255, 256 (1st Cir. 1986). In all events, we would not find
them meritorious. We briefly explain why.
First, there was ample evidence based upon which the
ALJ could reject claimant's allegation of disabling fatigue. 
The medical expert testified that Hepatitis C sometimes has no
symptoms or else "low grade symptomatology." Claimant
completed an "Activities of Daily Living" form indicating that
she leads a fairly active lifestyle. Although there are
various references in the medical records to claimant reporting
fatigue, there are also indications that the fatigue is
"tolerable" and that claimant "operates with above average
energy level each day[]."
Second, as for claimant's complaint that the ALJ
failed to elicit vocational expert testimony concerning the
impact of her non-exertional limitations on her ability to
perform past work, the short answer is that at step four of the
sequential analysis the claimant is the primary source for
vocational documentation. Santiago v. Secretary of Health &
Human Servs., 944 F.2d 1, 5 (1st Cir. 1991) (per curiam). The
claimant must describe those impairments which she says she has
"so as to 'raise the point to the [Commissioner]'" how the
impairments preclude the performance of her prior jobs. Id. 
(internal citations omitted).
In the instant case, claimant's explanation as to why
she couldn't return to her former work was that she was "always
tired." However, for the reasons already stated, the ALJ was
justified in rejecting this statement. As for claimant's
mental limitations, the ALJ concluded that claimant retains the
residual functional capacity to perform work-related activities
except for work involving high pressure or highly complex
tasks. This conclusion was supported by substantial evidence. 
Nothing raised by claimant indicates that her previous work was
high pressure or complex.
Affirmed.