USCA1 Opinion

 

 [NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1514 JACQUELINE P. CUSHMAN, Plaintiff, Appellant, v. KENNETH S. APFEL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Robert W. Lovegreen, U.S. Magistrate Judge] Before Torruella, Chief Judge, Stahl and Lipez, Circuit Judges.      Kelly McKenna Cournoyer and Green and Greenberg on brief forappellant. Margaret E. Curran, United States Attorney, Robin E. Feder,Assistant United States Attorney, and Richard Fox, AssistantRegional Counsel, on brief for appellee.February 18, 2000  Per Curiam. Claimant Jacqueline P. Cushman appeals from the judgment of the district court upholding a determination of the Commissioner of Social Security that she is not entitled to disability insurance benefits or supplemental security income benefits. Before an Administrative Law Judge ("ALJ"), Cushman alleged disability due to Hepatitis C and "depressive or emotional conditions."  The ALJ denied disability at step four of the sequential analysis, concluding that she is capable of returning to her past work as a telemarketer or cashier. The issues raised on appeal were not raised in the district court and, thus, are not preserved for our review.  See Gonzalez-Ayala v. Secretary of Health & Human Servs., 807  F.2d 255, 256 (1st Cir. 1986). In all events, we would not find them meritorious. We briefly explain why. First, there was ample evidence based upon which the ALJ could reject claimant's allegation of disabling fatigue.  The medical expert testified that Hepatitis C sometimes has no symptoms or else "low grade symptomatology." Claimant completed an "Activities of Daily Living" form indicating that she leads a fairly active lifestyle. Although there are various references in the medical records to claimant reporting fatigue, there are also indications that the fatigue is "tolerable" and that claimant "operates with above average energy level each day[]." Second, as for claimant's complaint that the ALJ failed to elicit vocational expert testimony concerning the impact of her non-exertional limitations on her ability to perform past work, the short answer is that at step four of the sequential analysis the claimant is the primary source for vocational documentation. Santiago v. Secretary of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991) (per curiam). The claimant must describe those impairments which she says she has "so as to 'raise the point to the [Commissioner]'" how the impairments preclude the performance of her prior jobs. Id.  (internal citations omitted). In the instant case, claimant's explanation as to why she couldn't return to her former work was that she was "always tired." However, for the reasons already stated, the ALJ was justified in rejecting this statement. As for claimant's mental limitations, the ALJ concluded that claimant retains the residual functional capacity to perform work-related activities except for work involving high pressure or highly complex tasks. This conclusion was supported by substantial evidence.  Nothing raised by claimant indicates that her previous work was high pressure or complex. Affirmed.